UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-007-H

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) v. ) ) SADRACK SANTIAGO, ) a/k/a "JAMES ISAAC," ) a/k/a "BAD BOY," ) ) DEFENDANT. ) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the Court on Defendant's pro se motion to suppress statements made during a police interview of Defendant, Sadrack Santiago, after the execution of a search warrant at Santiago's residence. [DE-23.] The government did not file a response. To further develop the record, on August 12, 2009, the Court conducted an evidentiary hearing at which the government and Defendant with counsel appeared. This matter is now ripe for decision.

I.  **STATEMENT OF THE FACTS**

Brandon Peebles, a detective with the Greenville Police Department since 2001 and a DEA task force officer, was the sole witness at the suppression hearing. He testified as to the investigation and subsequent interview of Santiago, which led to the statements at issue. Detective Peebles testified that on September 9, 2006, at approximately 8:34 p.m., Officer J.R. Taylor of the Greenville Police Department detained Santiago after Taylor found crack cocaine, powder cocaine, and marijuana

while executing a search warrant at Santiago's residence. Santiago was then brought to the Greenville Police Department and placed in an interview room with Agent Taylor.

Detective Peebles arrived at the police department at approximately 10:32 p.m. and advised Santiago of his Miranda rights orally and gave him a form titled "Miranda Warning." The Miranda Warning form stated (in English and Spanish) that he had the right to remain silent and that his statements would be used against him in court. (Gov't Ex. 1.) Santiago initialed the line indicating that he understood these rights and wanted to speak with the police. (Id.) The Miranda Warning form also stated that he had the right to have a lawyer present during questioning and that one could be appointed at no cost before any questioning. (Id.) Santiago initialed the line indicating he wanted to speak with the police without a lawyer present. (Id.) The form was signed by Santiago, Detective Peebles, and Officer Taylor. (Id.) Detective Peebles testified that Santiago appeared to understand his rights and did not appear intoxicated or impaired. He also stated generally that he and Taylor made no promises to Santiago to induce him to waive his rights, and specifically that he did not make any promises of leniency for Santiago's cooperation before Santiago made the incriminating statements regarding his drug activities with other individuals.

After agreeing to talk to Peebles and Taylor, Santiago indicated that he wanted to cooperate to "help himself out." Detective Peebles questioned Santiago about other drug dealers in the Greenville, North Carolina area, and Santiago provided names, contact information, and details of drug purchases for approximately fifteen other individuals. (Gov't Ex. 4.) Santiago also verbally confessed that the drugs seized, with the exception of some pills, were his and signed a written statement that the cocaine

and marijuana found during the execution of the search warrant were purchased by him and not the owner of the house. (Gov't Ex. 2.)

After Santiago made his statement, Peebles and Taylor agreed to release Santiago in exchange for his assistance with other investigations. Agent Taylor told Santiago that he would be arrested and charged if he did not cooperate fully with Detective Peebles. Santiago subsequently called Detective Peebles a couple of times, but Peebles did not feel that Santiago had "followed through" on his agreement to assist with other investigations. On September 29, 2006, Officer Taylor obtained an arrest warrant for Santiago based on the September 9, 2006 evidence, and Santiago was then arrested, charged, and convicted in state court. On February 13, 2009, a federal grand jury indicted Santiago for conspiracy to distribute crack and powder cocaine and heroin and distribution of cocaine in violation of 21 U.S.C. 841(a)(1) and 846.[1]

## II. DISCUSSION

Santiago argues that his September 9, 2006 statements were involuntary and should be suppressed because they were compelled by a promise of leniency or, alternatively, because the government failed to keep its promise of leniency in exchange for Santiago's cooperation.

### A. Voluntariness

Due Process requires that statements made to the police be given voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218, 255 (1973). Courts must evaluate the totality of the circumstances, taking into account both the characteristics of the accused and the details of the interrogation. United States v. Davis, 233 Fed. Appx. 292, 294

---

[1] The federal indictment includes activity "to and including on or about September 18, 2008," which occurred after the events Defendant was arrested, charges, and convicted on in state court and that are at issue in the instant motion. See Indictment [DE-1].

(4th Cir. 2007) (citing Schneckloth, 412 U.S. at 226). With respect to the characteristics of the accused, there is no evidence to indicate that Santiago's physical or mental capacity were diminished in any way at the time he waived his rights and made the incriminating statements to Detective Peebles and Agent Taylor. Detective Peebles testified that Santiago did not appear intoxicated or impaired. As to the interrogation itself, there is no evidence that Peebles or Taylor used any physical means to compel Santiago's waiver of rights and confession. At issue is whether the statements were compelled by a promise of leniency or whether the government breached its promise of leniency. The Court finds no support in the record for either proposition.

### 1. Promise of Leniency as Inducement for Statements

The only witness who testified at the hearing, Detective Peebles, stated that the promise of leniency in exchange for cooperation was given after Santiago waived his rights and made the incriminating statements. A promise made after a statement is given cannot logically be found to have compelled the prior statement. Furthermore, the Court finds no reason to doubt the credibility of Detective Peebles. Santiago argues that the fact that Peebles had previously questioned him after an arrest in 2003, and that Santiago had cooperated at that time, supports his assertion that Peebles promised him leniency for his cooperation in advance of making any statements on September 9, 2006. However, Peebles testified that, in 2003, Santiago only incriminated himself and did not offer to cooperate with investigations of other alleged drug dealers and that Peebles had no reason to offer him leniency in advance of his 2006 confession.

In support of his position, Santiago cites the statement in Agent Taylor's report that "Santiago provided Investigator Peebles with information on numerous drug dealers in

the Greenville area and agreed to assist him with building cases on some of them in exchange for leniency on his charges." (Def.'s Ex. 1.) This statement appears to the Court to be consistent with the testimony of Detective Peebles: First, Santiago voluntarily provided information on other drug dealers, and then Santiago agreed to continue helping Detective Peebles with building cases in exchange for leniency. Because there is no evidence that any promise of leniency was made prior to Santiago waiving his rights and making the incriminating statements, the Court concludes that Santiago's statements were made voluntarily. See United States v. Shears, 762 F.2d 397, 401-02 (4th Cir. 1985) ("Government agents may initiate conversations on cooperation, they may promise to make a defendant's cooperation known to the prosecutor, and they may even be able to make and breach certain promises without rendering a resulting confession involuntary.") (footnotes omitted).

2. **Breach of Promise of Leniency**

Alternatively, Santiago argues that his statements should be suppressed because the government breached its promise of leniency when Santiago was arrested, charged, and convicted in state court based on the September 9, 2006 evidence. The Fourth Circuit has instructed that "there are certain promises whose attraction renders a resulting confession involuntary if the promises are not kept, and the defendant's perception of what government agents have promised is an important factor in determining voluntariness." Id. at 402. Detective Peebles testified that Santiago called him "a couple of times," but did not "follow through" on the agreement to cooperate. Agent Taylor's report indicates that Santiago's continued assistance with building cases was the basis for the offer of leniency on the September 9, 2006 charges. Santiago

5

was in fact released on September 9, 2006, and there is no evidence before the Court regarding any specific assistance Santiago provided to the police after he was released. Consequently, the Court finds that Santiago did not provide the requisite continued assistance in building cases against other drug dealers, and his subsequent arrest does not render the September 9, 2006 statements inadmissible.

### III. CONCLUSION

Having found no support for Defendant's claims in the record, the Court **RECOMMENDS** that the Motion to Suppress [DE-23] be **DENIED**.

This the 21st day of August, 2009.

DAVID W. DANIEL
United States Magistrate Judge

6

Case 4:09-cr-00007-H    Document 58    Filed 08/21/09    Page 6 of 6